UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| David Hueston, | Case No. 3:23-cv-0193 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Dennis Sullivan, et al., | |
| Defendants. | |

## I. BACKGROUND AND HISTORY

*Pro se* Plaintiff David Hueston, brings this civil rights action against Corrections Center of Northwest Ohio ("CCNO") Director Dennis Sullivan and CCNO Records Officer/Legal Officer Jaimie Jones. Plaintiff claims the Defendants denied him access to the courts in violation of the First and Fourteenth Amendments by refusing to provide him with free postage and envelopes, and by refusing to help him secure the names and addresses of ten attorneys that might be interested in representing him in another civil rights case. He seeks monetary damages.

Plaintiff filed a civil rights case as a *pro se* litigant in the United States District Court for the Northern District of Indiana. *See Hueston v. Sheriff of Allen County*, No. 1:22 CV 173 (N.D. Ind. Filed May 23, 2022). That action is still pending. That Court screened the Complaint in that action under 28 U.S.C. § 1915(e) and permitted two of his three claims to move forward. On November 16, 2022, Plaintiff then filed a Motion asking the Indiana Court to help him recruit counsel to represent him. He followed that with a Motion to Recruit and Appoint Counsel filed on December 22, 2022.

The Indiana Court denied the Motion on January 10, 2023, stating that there is no constitutional right to court-appointed counsel in a civil case. The Court indicated that in the rare instance where the Plaintiff's case is unusually complicated, the Court may consider appointing volunteer counsel but even then only if the Plaintiff made a reasonable attempt to obtain counsel on his own prior to asking the Court to appoint counsel. Although the Court denied the Motion because Plaintiff did not meet either of those criteria, a Magistrate Judge of that Court directed the Clerk to provide Plaintiff with ten copies of the screening Order so that Plaintiff could send them to individual attorneys to try to obtain representation.

At the time he filed the Motions, Plaintiff was housed in CCNO awaiting transfer to a federal correctional institution. He demanded that CCNO staff assist him with soliciting legal representation from ten attorneys by providing him with the names and addresses of individual attorneys who may be interested in representing him and providing him with free envelopes and free postage so that he could contact these attorneys. CCNO staff responded by telling him he could solicit the help of family and friends to find the names and addresses of attorneys and could purchase envelopes and postage at the commissary. Plaintiff contends that he is indigent, and the CCNO staff's refusal to help him is a violation of his First Amendment right of access to the courts and his Fourteenth Amendment right of due process.

## II.    STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or

2

when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). To state a claim for denial of access to the courts, Plaintiff must allege particular actions of these Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights actions. *Id.* at 351. The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore plead and prove facts that demonstrate actual prejudice stemming from the asserted violation. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff appears to be aware of the actual injury requirement and attempts to establish this element by stating that the District Court in Indiana ordered him to solicit ten attorneys to

represent him. He claims the Defendants are preventing him from complying with that Order by refusing to provide him with free envelopes, free postage, and assistance with getting names and addresses of attorneys and this could result in the dismissal of his case.

As an initial matter, the docket in that case reveals that the Indiana Court did not order Plaintiff to solicit the services of ten attorneys. In fact, the Court denied his Motion for Appointment of Counsel. The only concession made to Plaintiff's request was a direction from the Magistrate Judge to the Clerk to provide Plaintiff with ten copies of the screening Order to provide to prospective attorneys he was hoping to retain. There is no indication that the Court ordered Plaintiff to report back with the names and addresses of ten attorneys whom he solicited.

Moreover, after the denial of his Motion, Plaintiff sent letters to the Court with copies of letters from attorneys declining representation and asked the Court to reconsider appointing counsel. The Court addressed these letters on March 6, 2023, again denying appointment of counsel and suggesting he contact the Allen County Indiana Bar Association Lawyer Referral Service to help with his search for legal counsel. The Motion to Appoint Counsel was denied before the Defendants refused to help with or finance his efforts to find an attorney to take his case. Their actions did not cause the denial of this Motion. Furthermore, denial of a Motion to Appoint Counsel is not a denial of a claim or the dismissal of an action. Plaintiff has not demonstrated that he was denied access to the courts.

Finally, although Plaintiff indicates that he was denied due process, he does not explain this claim. It is stated solely as a legal conclusion. Legal conclusions are not sufficient to satisfy the basic pleading requirements. *Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge